UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
RENATA CONTE,

                 Plaintiff,

  -against-

STATE UNIVERSITY OF NEW YORK, et al.,

                 Defendants.
--------------------------------------------------------X

FILED
CLERK
11/18/2019 10:55 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

For Online Publication Only

**ORDER**
2:19-cv-02876-JMA-ARL

**AZRACK, United States District Judge:**

On May 15, 2019, pro se plaintiff Renata Conte ("Plaintiff") initiated a civil action against defendants State University of New York at Stony Brook, Long Island State Veterans Home, Kelsey Rant, Samuel L. Stanley, Jr., Susan Blum, Michele J. Le Moal-Gray, Rachel Bergeson, Peter Baigent[1], Jerrold Stein, Sharon Fletcher, Joanna Goetz, Ismael Rodriguez, Carol Mord, Christina Law, Andrew Cuomo, Eric Schneiderman, Catherine Leahy Scott, Dorothy Oehler Nese, and John L. Belford (together, the "Defendants"). (ECF No. 1.)

On October 7, 2019, Defendants filed a request for a pre-motion conference concerning a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). (ECF No. 8.) Plaintiff never responded to Defendants' letter pursuant to Rule IV.B. of this Court's Individual Rules. On October 21, 2019, the Court issued an Order directing Plaintiff to file a response to the pre-motion letter by October 31, 2019. Plaintiff was warned that failure to respond may result in dismissal of the action for failure to prosecute. A copy of the order was mailed to Plaintiff at the address listed on the docket sheet.

Since the Court's Order, Plaintiff has not responded to the pre-motion conference request or otherwise communicated with the Court.

---

[1] Defendant Peter Baigent is deceased.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case <u>sua sponte</u> for lack of prosecution or noncompliance. See <u>Merker v. Rice</u>, 649 F.2d 171, 173–74 (2d Cir. 1981). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

<u>Shannon v. Gen. Elec. Co.</u>, 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting <u>Nita v. Conn. Dep't of Envtl. Prot.</u>, 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. <u>Id.</u> at 194.

Plaintiff has failed to respond to Defendants' pre-motion conference request and the Court's Order. The Court warned Plaintiff that failure to respond could result in the dismissal of the case. Plaintiff's failure to comply with the Court's Order constitutes grounds for dismissal. Accordingly, this case is dismissed for failure to prosecute and noncompliance, and the Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: November 18, 2019
      Central Islip, New York

                                                  /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE