UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
RENATA CONTE,

                Plaintiff,

  -against-

STATE UNIVERSITY OF NEW YORK, et al.,

                Defendants.
--------------------------------------------------------X

For Online Publication Only

**FILED**
**CLERK**

3/2/2020 10:47 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
19-CV-02876-JMA-ARL

**AZRACK, United States District Judge:**

On May 15, 2019, pro se plaintiff Renata Conte ("Plaintiff") filed a complaint against defendants State University of New York at Stony Brook, Long Island State Veterans Home, Kelsey Rant, Samuel L. Stanley, Jr., Susan Blum, Michele J. Le Moal-Gray, Rachel Bergeson, Peter Baigent[1], Jerrold Stein, Sharon Fletcher, Joanna Goetz, Ismael Rodriguez, Carol Mord, Christina Law, Andrew Cuomo, Eric Schneiderman, Catherine Leahy Scott, Dorothy Oehler Nese, and John L. Belford (together, the "Defendants"). (ECF No. 1.)

On November 18, 2019, the Court issued an Order dismissing the case for failure to prosecute after Plaintiff failed to comply with the Court's direction to respond to Defendants' pre-motion conference request. (ECF No. 9.) In a letter received on December 23, 2019, Plaintiff moved for reconsideration of the Court's Order dismissing her case. (ECF No. 12.) The Court granted Plaintiff's motion on January 3, 2020, but cautioned her that "should she miss or ignore deadlines in the future, the Court may dismiss the case with prejudice for failure to prosecute." Plaintiff was directed to respond to Defendants' October 7, 2019 letter requesting a pre-motion

---

[1] Defendant Peter Baigent is deceased.

1

conference. The Court also reminded Plaintiff of her duty to notify the Court of any change in address.

In a letter received on January 21, 2020, Plaintiff requested "the opportunity to amend and factually expand my original Eastern District complaint form." (ECF No. 13.) The Court granted Plaintiff's motion and ordered her to file an amended complaint by February 24, 2020. To date, Plaintiff has not filed an amended complaint, despite having been warned that "should she miss or ignore deadlines in the future, the Court may dismiss the case with prejudice for failure to prosecute."

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. See Merker v. Rice, 649 F.2d 171, 173–74 (2d Cir. 1981). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

Plaintiff did not file an amended complaint by February 24, 2020, despite the Court's warning that her failure to follow the Court's deadlines could result in dismissal of the case with

prejudice for failure to prosecute. Plaintiff's failure to comply with the Court's Order constitutes grounds for dismissal. Accordingly, this case is dismissed with prejudice for failure to prosecute and noncompliance, and the Clerk of Court is respectfully directed to close this case.

Although Plaintiff paid the filing fee to commence this action, if Plaintiff requests <u>in forma pauperis</u> status for any appeal of this Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: March 2, 2020
    Central Islip, New York

    /s/ (JMA)
    JOAN M. AZRACK
    UNITED STATES DISTRICT JUDGE