UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RENATA CONTE,

                Plaintiff,

  -against-

STATE UNIVERSITY OF NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-02876 (JMA) (ARL)

FILED
CLERK
6/18/2020 4:55 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

On May 15, 2019, pro se plaintiff Renata Conte ("Plaintiff") filed a complaint against defendants State University of New York at Stony Brook, Long Island State Veterans Home, Kelsey Rant, Samuel L. Stanley, Jr., Susan Blum, Michele J. Le Moal-Gray, Rachel Bergeson, Peter Baigent[1], Jerrold Stein, Sharon Fletcher, Joanna Goetz, Ismael Rodriguez, Carol Mord, Christina Law, Andrew Cuomo, Eric Schneiderman, Catherine Leahy Scott, Dorothy Oehler Nese, and John L. Belford (together, the "Defendants"). (ECF No. 1.)

On October 7, 2019, Defendants filed a motion requesting a pre-motion conference to seek permission to file a motion to dismiss. (ECF No. 8.) On October 21, 2019, the Court issued an Order instructing Plaintiff that "[t]he Court's individual rules require parties to respond to pre-motion conference letters within seven days." Because Plaintiff had failed to file a response to Defendants' letter, she was ordered to respond by October 31, 2019. The Court warned Plaintiff that "[f]ailure to respond may result in the dismissal of this action for failure to prosecute." Ultimately, Plaintiff failed to comply with this Order, and on November 18, 2019 the Court dismissed her case for failure to prosecute. (ECF No. 9.)

---

[1] Defendant Peter Baigent is deceased.

1

In a letter received on December 23, 2019, Plaintiff moved for reconsideration of the Court's Order dismissing her case. (ECF No. 12.) She detailed issues she experienced with receiving mail and noted that she was spending time at both her residences in New York and Florida. (Id.) The Court granted Plaintiff's motion on January 3, 2020. However, the Court's Order cautioned Plaintiff that "should she miss or ignore deadlines in the future, the Court may dismiss the case with prejudice for failure to prosecute." The Court also reminded Plaintiff "of her duty to notify the Court of any change in address." Plaintiff was directed to respond to Defendants' October 7, 2019 letter regarding a pre-motion conference by January 17, 2020.

In a letter the Court received on January 21, 2020, Plaintiff requested "the opportunity to amend and factually expand my original Eastern District complaint form." (ECF No. 13.) The Court granted Plaintiff's motion and ordered her to file an amended complaint by February 24, 2020. Despite having been warned that "should she miss or ignore deadlines in the future, the Court may dismiss the case with prejudice for failure to prosecute," Plaintiff failed to file an amended complaint. Accordingly, the Court again dismissed her case for failure to prosecute on March 2, 2020.

On March 26, 2020, Plaintiff filed another letter in which she sought to reopen her case. She also moved for the undersigned to recuse herself. (ECF No. 16.) As attachments to her letter, Plaintiff included a copy of the amended complaint and reported a change of address. (Id.) On March 31, 2020, the Court granted Plaintiff's motion and reopened her case. The Court's Order explained:

> Notwithstanding Plaintiff's history of ignoring the Court's orders and deadlines, in an abundance of caution and given Plaintiff's pro se status, the Court grants Plaintiff's motion to reopen this case and denies the motion to recuse. Although Defendants' opposition to Plaintiff's motion to reopen correctly recounts the numerous opportunities Plaintiff has been afforded in this case to comply with the Court's orders and prosecute her case, the Court finds that, given the procedural posture, there is little prejudice to Defendants in

2

allowing Plaintiff a final opportunity to move this case forward. Given that Plaintiff has now filed her amended complaint and has provided an updated address, Defendants may file a letter motion on or before April 13, 2020 either requesting a pre-motion conference in anticipation of a motion to dismiss or advising the Court that Defendants intend to rely on their October 7, 2019 letter motion. Plaintiff shall file her response to Defendants' letter on or before May 4, 2020. To be clear, Plaintiff's response must be received by the Court on or before May 4, 2020 and, absent a showing of good cause, the amended complaint will be dismissed on May 4, 2020 if Plaintiff's response is not timely filed and judgment shall enter. The Clerk of Court is respectfully directed to mail a copy of this Electronic Order to Plaintiff at her last known address and to record such service on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Despite the Court's clear instructions and warnings regarding noncompliance with the Court's Orders, Plaintiff failed to file a response to Defendants' letter by May 4, 2020. In its Order, the Court had given Plaintiff one month to respond to Defendants' letter instead of the typical seven days afforded by the undersigned's Individual Rules. Accordingly, on May 14, 2020, the Court dismissed Plaintiff's case for the third time for failure to prosecute and noncompliance. The Court's Order stated:

> On March 31, 2020, the Court reopened Plaintiff's case despite Plaintiff's history of ignoring the Court's orders and deadlines. The Court had previously dismissed the case on two occasions for failure to prosecute and noncompliance. (ECF Nos. 9 , 14.) In the Court's March 31, 2020 Order, Plaintiff was afforded "a final opportunity to move this case forward." In particular, the Court ordered Plaintiff to "file her response to Defendants' letter on or before May 4, 2020." Plaintiff was warned: "To be clear, Plaintiff's response must be received by the Court on or before May 4, 2020 and, absent a showing of good cause, the amended complaint will be dismissed on May 4, 2020 if Plaintiff's response is not timely filed and judgment shall enter."
>
> Ten days have now passed since that deadline, and Plaintiff has failed to file a response to Defendants' letter (19) or otherwise communicate with the Court. Accordingly, for the reasoning set forth in the Court's prior dismissal orders (ECF Nos. 9 , 14) this case is dismissed with prejudice for failure to prosecute and noncompliance, and the Clerk of Court is respectfully directed to close this case. See Merker v. Rice, 649 F.2d 171, 173-74 (2d Cir. 1981).
>
> Although Plaintiff paid the filing fee to commence this action, if Plaintiff requests in forma pauperis status for any appeal of this Order, the Court certifies pursuant to 28 U.S.C. §

3

1915(a)(3) that any appeal would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Two weeks later, on May 28, 2020, the Court docketed a letter from Plaintiff in which she again sought to have her case reinstated.  (ECF No. 21.)  She moved for reconsideration of the Court's May 14, 2020 Order dismissing her case and sought recusal of the undersigned.  (Id.) Defendants opposed her motion, arguing that "Plaintiff does not claim that she never received the March 31, 2020 Order, and therefore, she was well aware of the May 4th deadline.  Nor does Plaintiff offer any explanation as to why she did not write a letter to the Court, prior to May 4th, to request additional time to respond."  (ECF No. 22.)  Defendants explained that Plaintiff has a history of delinquency and has demonstrated a consistent failure to abide by the Court's deadlines. Because she ignored multiple opportunities the Court provided her to prosecute her case, reopening the case is unwarranted.  The Court agrees.

Accordingly, in light of the foregoing, the Court DENIES Plaintiff's motion for reconsideration.  The Court also DENIES Plaintiff's motion for recusal.

Although Plaintiff paid the filing fee to commence this action, if Plaintiff requests in forma pauperis status for any appeal of this Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to mail Plaintiff a copy of this Order at her last known address and to record such service on the docket.

**SO ORDERED.**

Dated: June 18, 2020
　　　　Central Islip, New York

　　　　　　　　　　　　　　　　　　　　　　 /s/ (JMA)　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　JOAN M. AZRACK
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

4